Mr. Joe M. Smreker Chairman Arkansas Racing Commission P. O. Box 3076 Little Rock, AR 72201
Dear Chairman Smreker:
This is in response to your request for an official Attorney General's opinion on whether the greyhound racing franchise held by Southland Racing, an Arkansas corporation, would devolve to and vest in the surviving corporation in the proposed merger you outline.
The facts as you stated are that Southland Holding, an Arkansas corporation, is the record owner of at least ninety-five percent of all of the outstanding shares of the capital stock of Southland Racing. The Board of Directors has determined that it would be in the best interests of both corporations to merge Southland Racing into Southland Holding. The parties have drafted the Agreement and Plan of Merger and Articles of Merger in compliance with Ark. Stat. Ann. 64-709. As of the effective date of the merger, the Board of Directors of Southland Holding is to be comprised of the same individuals who presently constitute the Board of Directors of Southland Racing. The Articles of Incorporation and Bylaws of Southland Holding are to be the same as the present Articles and Bylaws of Southland Racing.
The Attorney General's opinion is that the greyhound racing franchise, under these facts and circumstances will be possessed by the surviving corporation, Southland Holding, by operation of Ark. Stat. Ann. 64-705(D), which delineates the effect of a merger allowed by Ark. Stat. Ann. 64-709. The conclusion is reached for the following reasons.
A franchise is special privilege, conferred by government on an individual or a corporation, which does not belong to citizens of a state generally of common right. The power to grant franchises is in the Arkansas Racing Commission (Commission) (Ark. Stat. Ann. 84-2817, 2819). The General Assembly did not enact any provisions to restrict the assignability or transferability of any greyhound racing franchise that the Commission grants (See Ark. Stat. Ann. 84-2816 et seq.). The General Assembly did provide that the franchises granted by the Commission would continue in effect so long as the holder thereof shall comply with all applicable laws of this state (Ark. Stat. Ann. 84-2821 (B) (1980 Repl.)). As implied from your letter requesting this opinion, the Commission has determined that no restrictions as to assignability or transferability were in the original franchise granted to Southland Racing corporation.
Since neither the statutes nor the Commission have limited the transferability of the ownership of the franchises granted, Ark. Stat. Ann. 64-705(D), which is set out below, would apply by operation of law:
Ark. Stat. Ann. 64-705(D) (1980 Repl.):
 Such surviving or new corporation shall thereupon and thereafter possess all the rights, privileges, immunities, and franchises, as well of a public or of a private nature, of each of the merging or consolidating corporations.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Paul L. Cherry.